IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

ANTONIO ROBINSON,
ADC #110422                                                                                                  PLAINTIFF

VS.                              CASE NO.1:08CV00066JMM/HLJ

VIRGIL HOLDERBEE, et al.                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District
Judge (if such a hearing is granted) was not offered at the
hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

This matter is before the Court on the motion for summary judgment filed by defendants Dowell and Sheppard (DE #21). Plaintiff has filed a response in opposition to the motion (DE #27).

Plaintiff is a state inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983 against defendants, based on an incident which occurred while he was incarcerated at the Independence County Jail in November, 2008. Specifically, plaintiff states another inmate, Virgil Holderby, was improperly allowed out of his cell on November 10, 2008, and he and plaintiff became involved in a physical altercation which resulted in both inmates requiring outside medical treatment for injuries. Plaintiff also alleges defendants discriminated against him based on his race, because plaintiff (an African-American) was punished, while inmate Holderbee (a Caucasian) was not. Plaintiff names

as defendants Jail Administrator Rhonda Dowell, Sgt. Tony Sheppard, and Guard Tony Younger,[1] and asks for damages from these defendants.

## II.  Summary Judgment Motion

A.  Defendant's Motion

In support of their motion, defendants Dowell and Sheppard state plaintiff's complaint against them should be dismissed because he can not support a claim of excessive force against them.  Defendants state to support his claim, plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm, and that defendants recklessly disregarded the risk.  Defendants further state neither plaintiff nor inmate Holderby displayed a violent attitude or a propensity to attack anyone, prior to the incident at issue, and that defendants had no knowledge of an excessive risk to plaintiff's safety.  With respect to plaintiff's racial discrimination claim, defendants state plaintiff's claims are unfounded, and his reliance on a racially disproportionate impact is insufficient to support his claim.  Rather, defendants state plaintiff must present proof of discriminatory intent or purpose on the defendants' behalf.  Finally, defendants state they are protected from liability by qualified immunity.

B.  Plaintiff's Response

In his response, plaintiff questions why inmate Holderby was permitted outside of his cell with other inmates when he was not supposed to be with others.  Plaintiff also appears to allege a failure of medical care by defendants.  Plaintiff states all accusations by defendants are false.

C.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that

---

[1]Defendant Younger has not yet been served with summons and a copy of plaintiff's complaint against him.

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See  Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial."  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."  Id.

D.  Analysis

    1) Failure to Protect

In order to support a claim of failure to protect against defendants, plaintiff (who was incarcerated as a pretrial detainee) must show defendants acted with deliberate indifference to a substantial risk of harm to him.  "To show deliberate indifference, the prisoner/detainee must prove both that the official's acts objectively caused a sufficiently serious deprivation and that the official had a subjectively culpable state of mind."  Perkins v. Grimes, 161 F.3d 1127, 1130 (8th Cir. 1998).  The Court further explained, with respect to the second requirement, "the prisoner/detainee must prove that the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that the official drew that inference."  Id.

In this particular case, plaintiff's sole allegation of fault is that inmate Holderby "was not supposed to be out of his cell" at the particular time of the incident.  Plaintiff does not allege that

either defendant was responsible for allowing the inmate out of his cell and he does not allege any specific knowledge of danger on the inmate's part by either of the defendants or the plaintiff himself. Furthermore, plaintiff does not allege the inmate had threatened him or had given him any indication or reason to cause him harm. In an affidavit in support of the motion, defendant Dowell states defendant Younger discovered the two inmates bleeding, and notified a nurse who provided immediate medical care to them. She further states other inmates told the officers a fight occurred between the two plaintiffs, but that neither displayed a violent attitude or propensity to attack anyone while incarcerated at the center. Finally, defendant states neither she, nor any other Jail employee had knowledge of or reason to believe the inmates would become involved in a physical alteration with anyone. See DE #24, Ex. 3.

     2) Racial Discrimination (Equal Protection)

The Equal Protection Clause generally requires the government to treat similarly situated people alike. See City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1973). The first step in such a case is to determine whether the plaintiff demonstrates that he was treated differently than others similarly situated to him. Klinger v. Department of Corrections, 31 F.3d 727, 731 (8th Cir. 1994). In this particular case, plaintiff alleges that he, an African-American inmate, became involved in a fight with a Caucasian inmate, and that defendants discriminated against him by punishing him and by not punishing the Caucasian inmate. Defendants provide an affidavit denying any discriminatory intent, and state that a mere showing of a discriminatory effect is not sufficient to maintain the claim against them. Rather, defendants state plaintiff must show discriminatory intent, and that plaintiff's self-serving testimony of such intent is insufficient.

The Court finds a sufficient dispute of material fact with respect to this issue so as to deny defendants' motion. The parties dispute the intent of the defendants, and the Court has been

provided with little other evidence upon which to resolve such a dispute. Furthermore, summary judgment is inappropriate when a sufficient dispute of fact exists. Although defendants also argue protection by qualified immunity, they state plaintiff provides no proof of a Constitutional violation. However, at this juncture, plaintiff has alleged a Constitutional violation which is at dispute. Therefore, summary judgment is inappropriate as to this claim. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #21) is hereby GRANTED in part with respect to plaintiff's failure to protect allegations against them, and DENIED in part with respect to plaintiff's allegations of racial discrimination.

IT IS SO ORDERED this 29th day of May, 2009.

_____
United States Magistrate Judge